*KIRKLAND vs. HIS CREDITORS.*

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The transcript not having been filed, by the appellee in proper time, obtained the clerk's certificate, and afterwards, the appellant's counsel read an affidavit, to show that there had been no neglect, and prayed leave to file the transcript.

The appellees counsel has had the candour to admit the sufficiency of the affidavit, if the application isnot too tardy.

He has urged, that the judgment of the inferior court is now immoveable: Code of Practice, 589. That the appeal has been abandoned, and cannot be renewed: Ib. 594. *French Code de procedure civille* 489— *Traité des obligations,* 864.

The right of the appellee to take out the clerk's certificate, is only given in the case of the appellant's *neglect* to file the transcript. Ib. 588. Although the defence of the transcript is *prima facie* evidence of that neglect, and authorises the delivery of the certificate.

But accidents beyond the appellant's controul, may prevent the appellant from

Eastern District.
*February,* 1830.

KIRKLAND
*vs.*
HIS CREDITORS.

If the appellant is prevented by circumstances beyond his controle, from obtaining and filing the transcript, he may be released altho' the clerk's certificate has been delivered to the appellee.

bringing up the record in due time· The clerk of the inferior court may die, be disabled by sickness, or a great pressure of business, from making out the transcript, or he may neglect, or wilfully omit. Other events may cause a delay. In such a case, the transcript will be received, and no objection allowed, if the appellee has taken no steps, and the delay is accounted for.

Evidence that there has been *no neglect*, establishes that the certificate was improvidently applied for ; and the court, on being satisfied of this, must release the appellant by avoiding the certificate and refusing the execution that issued on it. To do so, the court requires no legislative permission.

The legislature however has made one, to enable the appellant, who has not the transcript ready to be filed, to obtain a delay for *that* purpose, and even the recall of the clerk's certificate, if one has issued at the time he applies for relief, and even to enjoin the execution of the judgment.

The Code of practice, 883, authorises the court to grant the appellants an injunction to suspend the execution of the judgment appealed from, if, at the time of his

petition for delay, the appellee has already acquired from the clerk the necessary certificate for the purpose of such execution.

Eastern District.
*February*, 1830.

KIRKLAND
*vs.*
HIS CREDITORS.

Surely the legislature has not made this provision for the sole case of of a certificate illegally issued before the period at which it might be legally applied for.

It is true the party seeking relief in this case, must do it within the period fixed by law, if possible ; but if he be prevented from doing so, by accidents, over which he had no controul, we believe, that on showing it, he may be listened to in proper time, as soon as it is within his power.

The transcript must therefore be admitted to be filed.

*Ripley* for appellant.